STATE OF CONNECTICUT *v.* MICHAEL V. SCHAEFFER (2243)

DUPONT, C. J., SPALLONE and DALY, Js.

Argued June 7—decision released September 24, 1985

*A. Susan Peck,* with whom, on the brief, was *Susan K. Smith,* for the appellant (defendant).

*Samuel J. Sferrazza,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The core issue of this appeal is whether the defendant's motion to withdraw his plea of nolo contendere should have been granted by the trial court although it was made two days after the conclusion of the proceeding at which the sentence was imposed. The answer requires an examination of the framework of Practice Book §§ 686 through 722 and the essential components of a voluntary plea of guilty or nolo contendere as mandated by constitutional principles.

On May 18, 1983, the defendant entered a plea of nolo contendere to the charge of manslaughter in the second degree with a motor vehicle while intoxicated, a violation of General Statutes § 53a-56b. The plea was accepted by the trial court, *Barry, J.,* which found it to have been made knowingly, intelligently, and voluntarily, with full understanding of the crime charged and of the possible consequences of the plea. During the course of the taking of the plea, the trial court was informed that the state would recommend a sentence of one year[1] if the presentence investigation report sub-

---

[1] The state variously described its recommendation as being a sentence not to exceed one year, and a sentence of one year. At the subsequent sentencing hearing, the state recommended a one year sentence and noted

stantiated the facts presently known by the state, but that the defendant was free to argue for a lesser sentence. The defendant was specifically advised by the court that the state might vary its recommendation if the presentence investigation report was not as anticipated. The defendant's counsel stated that it was her understanding and that of the defendant that he would be allowed to withdraw his plea if the state changed its recommendation. The state acquiesced in that understanding. The defendant was told by the court that it was not bound by any recommendation the state might make as to an appropriate sentence, and the defendant stated that he understood. The defendant was not told by the court that if the sentence imposed by the court exceeded the recommendation that he would be allowed to withdraw his plea. Nor did the court inform the defendant that if the case was continued for sentencing, a different sentence might be imposed on sentencing by another judicial authority. The case was continued for the preparation of a presentence investigation report and for sentencing.

On July 19, 1983, the sentencing court, *Morelli, J.*, was informed of the sentence recommendation of the state. It nevertheless imposed a sentence of three years, suspended after fifteen months, with a probationary period of five years, the special condition of which was that the defendant was not to drive a motor vehicle during the entire period of probation. The court did not, prior to the imposition of its sentence, advise the defendant that it would not follow the state's recommendation and the defendant made no motion to withdraw his plea during the sentencing hearing.[2]

that the presentence investigation report found that no probationary period would be necessary should the defendant be incarcerated. For purposes of this opinion, the distinction is of no consequence.

[2] During oral argument in this court, the parties disagreed as to whether, immediately following the imposition of the sentence, the trial court went into recess. The defendant's counsel claimed that she had no opportunity

Written motions to withdraw the plea and to correct the sentence were made two days later. A hearing was held on these motions during which the defendant testified that he believed, when he entered his plea, that if the court felt it must impose a greater punishment than the state's recommendation, he would have a right to withdraw his plea and go to trial, and he testified that his counsel told him he had such a right. In the defendant's brief, his counsel states that she so advised him. The court denied both motions.

On appeal, the defendant claims that the trial court, *Morelli, J.,* erred (1) in imposing a sentence which exceeded the recommendation of the state without affording the defendant an opportunity to withdraw his plea, (2) in denying the defendant's motion to withdraw his plea when the court, *Barry, J.,* had failed substantially to comply with Practice Book §§ 697 and 712, thereby accepting a plea which was not voluntarily or intelligently entered, and (3) in denying his motion for correction of the sentence.[3] At the hearing on the defendant's motions, the defendant raised no claim that the trial court taking the plea had failed to follow the rules of practice. Implicit in the argument made during the hearing, however, is the claim that the defendant's plea was not voluntary. Such a claim may be raised on appeal, even if for the first time, since it involves a fundamental constitutional right. *State* v. *Childree,* 189 Conn. 114, 119, 454 A.2d 1274 (1983).

to move for a withdrawal of the plea, whereas the state's attorney claimed that the trial court remained in session long enough for the motion to be made. The transcript of the sentencing hearing provides no answer as to which party is correct. The transcript of the hearing on the postsentencing motions, however, makes it clear that the trial court believed that the defendant had ample opportunity to make such a motion, and that it might have had no alternative at that time but to grant the motion. For purposes of this opinion, it is assumed that the defendant had the opportunity to move to withdraw his plea before the sentencing hearing was concluded.

[3] In view of the decision of this court, it is unnecessary to reach the third claim of error.

Plea bargaining is no longer an illicit activity of the state and the defendant, condoned in the back corridors of the courthouse while castigated in the courtroom. *Santobello* v. *New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); *Brady* v. *United States,* 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

A bargain struck between the state and a defendant as to punishment or charge of offense has no constitutional significance in and of itself and only becomes a constitutionally protected interest when the judgment of guilty enters. *Mabry* v. *Johnson,* 467 U.S. 504, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984). A guilty plea, which leads to a judgment of guilty, is equivalent to a profession of guilt in open court; *State* v. *Roach,* 447 S.W.2d 553, 556 (Mo. 1969); and its autonomous and voluntary character is compromised when the promises made to induce the plea are unfulfilled. Note, "Plea Bargains—Specific Performance of a Prosecutor's Unfulfillable Promise: A Right or a Remedy?: Palermo v. Warden, Green Haven State Prison," 9 Conn. L. Rev. 483 (1977).

Connecticut's rules of practice sanction plea agreements within certain specified parameters. Such rules of criminal procedure are intended to safeguard the due process rights of an accused. *Shorette* v. *State,* 402 A.2d 450, 457 (Me. 1979). Penal statutes and criminal procedural rules are to be strictly construed in order to protect fundamental constitutional rights. *State* v. *Cook,* 183 Conn. 520, 522, 441 A.2d 41 (1981).

Under the broad heading of "Disposition Without Trial" our Practice Book contains three subsidiary headings of relevance to this appeal. Practice Book §§ 686 through 698 contain the "Procedure for Plea Discussions"; §§ 708 through 718 concern the "Plea of

Guilty or Nolo Contendere''; and §§ 719 through 722 involve the "Withdrawal of Plea." The procedure for plea discussions, Practice Book §§ 686 through 693, relate to the obligations and possible agreements of the parties which may negate the eventuality of a trial. The other sections involving plea discussions, §§ 694 through 698, concern the obligation of the court to require disclosure of any agreement of the parties which contemplates the entry of a plea of guilty or nolo contendere, and the obligations of the court in the event it accepts or rejects the agreement. Practice Book §§ 708 through 713 contain the obligations of the court to the defendant upon a plea of guilty or nolo contendere before the plea may be accepted and found to be voluntary, and §§ 719 through 722 address the circumstances necessary in order to permit or require the court to allow the defendant to withdraw his plea.

There are three types of plea agreements into which a defendant and the state may enter pursuant to Practice Book § 692. Each of these requires a promise of a defendant to plead guilty or nolo contendere in exchange for the state's promise to act in a particular way in connection with the charges pending against the defendant or in connection with a proposed sentence. The first species of the general genus of plea agreement is the agreement of the state to amend an information to charge a particular offense or to nolle, recommend dismissal of, or not to bring other charges. Practice Book §§ 692 (1) and (2). The second and third species of agreement involve the sentence to be imposed and are embodied within Practice Book § 692 (3).

That section provides: "The parties may agree that the defendant will plead guilty or nolo contendere on one or more of the following conditions . . . (3) That the sentence or other disposition will not exceed specified terms or that the prosecuting authority will recom-

mend a specific sentence, not oppose a particular sentence, or make no specific recommendation." A construction of the rule is necessary. "The rules of statutory construction apply with equal force to Practice Book rules." *Grievance Committee* v. *Trantolo,* 192 Conn. 15, 22, 470 A.2d 228 (1984).

The words "[t]he parties may agree" preface all of subsection (3) and modify both the clause "that the sentence or other disposition will not exceed specified terms" and the clause "that the prosecuting authority will recommend a specific sentence, not oppose a particular sentence, or make no specific recommendation." The first clause relates to a mutual agreement of both the state and a defendant that a specific sentence should not be exceeded, and the second clause relates to the promise of the state to recommend a specific sentence, not to oppose a particular recommendation or to make no specific recommendation. The word "or" which immediately follows the first clause is disjunctive and not conjunctive. The argument of the state that the first clause refers to an action of the court, that is, its acquiescence in a particular sentence, is rejected.

Thus, in exchange for the defendant's plea of not guilty or nolo contendere, the parties may both agree that a sentence not to exceed certain specified terms is an appropriate disposition of the case or the state may agree to recommend a particular sentence, not oppose a particular sentence or make no specific recommendation.

A recommendation or request of the state as to a particular sentence made to the court need not be a recommendation of both parties but is, nevertheless, one of the species of plea bargaining and leaves the defendant free to argue for a lesser sentence. *State* v. *Childree,* supra; *Blue* v. *Robinson,* 173 Conn. 360, 363–65 n.1, 377 A.2d 1108 (1977).

We are not here concerned with a plea agreement as to the crime or crimes with which the defendant is to be charged, nor with a sentence agreement mutually acquiesced in by the parties. We are, rather, concerned with a sentence recommendation, promised by the state and fulfilled by the state. Cf. *Santobello* v. *New York,* supra.

Practice Book § 720 deals with when a defendant is allowed to withdraw a plea. He may do so as a matter of right until the plea has been accepted, and after acceptance, upon proof of one of the grounds in Practice Book § 721. The last sentence of Practice Book § 720 provides: "A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

The state argues (1) that the defendant may not withdraw his plea after the conclusion of the sentencing proceeding, not having moved to do so during the proceeding, and (2) that the defendant could not have withdrawn his plea even during the proceeding because the words "plea agreement," as used in Practice Book § 698, do not include a promise by the state to recommend a particular sentence but refer only to sentence agreements deemed appropriate by both the defendant and the state.

The failure of the defendant to make a motion to withdraw his plea before the conclusion of the proceeding at which the sentence was imposed ordinarily precludes review of claimed infirmities in the acceptance of a plea. *State* v. *Martin,* 197 Conn. 17, 21, 495 A.2d 1028 (1985); *State* v. *Kiss,* 3 Conn. App. 400, 488 A.2d 845 (1985).

Postsentence attacks on the voluntary and intelligent nature of a plea, however, may be made if the defendant has not been made aware of the true nature of the charge against him because the court failed to apprise him of a crucial element of the charge; *State* v. *Childree,*

supra; or if the court failed to explain to the defendant his plea operated as a waiver of constitutional rights. *State* v. *Anonymous (1980–9)*, 36 Conn. Sup. 578, 421 A.2d 557 (1980). If it is apparent on the record that a defendant's constitutional rights were infringed during the plea taking proceeding or that the defendant was not advised of the consequences of his plea and was therefore denied due process, a plea may be withdrawn even after the sentence proceeding has concluded. *State* v. *Martin*, supra, 22. Guilty pleas or pleas of nolo contendere are controlled by federal constitutional standards and by our rules of criminal practice. Id.

If the record does not show that the plea was both voluntary and knowing, the plea was obtained in violation of the due process rights of the defendant and is void. *McCarthy* v. *United States*, 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State* v. *Battle*, 170 Conn. 469, 473, 365 A.2d 1100 (1976). *McCarthy* makes it clear that the violation of a criminal rule of practice relating to plea taking will require that the defendant be allowed to plead anew. *State* v. *Battle*, supra, was decided before the passage of our rules of criminal practice relating to plea bargaining[4] and did not involve a postsentence assault on a plea canvas. It holds, however, that a court's discretion to grant or deny a withdrawal of a plea does not apply to cases where the record does not show that the defendant's plea was voluntary and intelligent at the time it was entered. Id., 475–76. A plea which is invalid ab initio because of a deprivation of due process does not become any more valid after sentence is imposed and the sentencing proceeding has concluded. The rules of finality of pleas apply only to those which are valid in the first place.

---

[4] The rules of practice relating to plea agreements were adopted in 1976. *State* v. *Williams*, 173 Conn. 545, 554–55, 378 A.2d 588 (1977).

In this case, during the course of the plea taking, the defendant was not told by the court in accordance with Practice Book § 697 that since his case was being continued for sentencing, he might be sentenced by another judicial authority who might impose a different sentence from that which was the subject of the plea agreement, and, if so, that he would be allowed to withdraw his plea in accordance with Practice Book § 719. The failure to do so was a violation of the rules of practice and the defendant's constitutional rights. When a case is continued for the preparation of a presentence investigation report and the court is aware of the sentence recommendation but does not indicate its unwillingness to follow it, the court is implicitly indicating that, although it is not bound by the recommendation, it will probably be accepted. At the time of the accceptance of a guilty plea where a presentence investigation report is necessary, there can be no unconditional promise of the court that a particular sentence will be imposed because that would violate the statutory mandate for such a report[5] and public policy. Any bargain of the parties must be contingent upon its acceptance by the court after its review of the presentence investigation report. There is a difference between the entitlement of a defendant to a particular sentence and the expectation of the defendant that the trial court will follow the recommendation for a particular sentence.

The claim of the defendant that the plea canvas was also defective because the trial court did not inquire of the defendant as to whether the plea resulted from

[5] General Statutes § 54-91a (a) provides in relevant part: "No defendant, convicted of a crime . . . the punishment for which may include imprisonment for more than one year, may be sentenced, or his case otherwise disposed of, until a written report of investigation by a probation officer has been presented to and considered by the court, if (1) the defendant is so convicted for the first time in this state . . . ." The defendant in this case had no prior record.

prior discussions between the prosecuting authority and the defendant or his counsel, in violation of Practice Book § 712, is meritless. The record makes it clear that such discussions occurred, that the defendant was aware of them, and that he pleaded guilty because of them.

On the facts of this case, we conclude that Practice Book § 720, relating to the finality of sentencing hearings, did not prevent the trial court from granting his motion to withdraw his plea at a subsequent time.

The state also claims that even if Practice Book § 720 did not preclude the defendant from withdrawing his plea, Practice Book § 698 was inapplicable, and imposed no obligation on the sentencing court to inform the defendant that the recommendation of the state as to the sentence would not be followed. It is the state's contention that its promise to recommend a particular sentence is not a plea agreement.

Practice Book § 698 provides that "[i]f the judicial authority rejects the plea agreement, he shall inform the parties of this fact; advise the defendant personally in open court . . . that the court is not bound by the plea agreement; afford the defendant the opportunity then to withdraw his plea, if given; and advise the defendant if he persists in his . . . plea of nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement." The use of the word "shall" in criminal procedural rules indicates that a particular requirement is mandatory. *State* v. *Cook,* 183 Conn. 520, 522-23, 441 A.2d 41 (1981). A trial court's failure to follow the mandatory provisions of a criminal procedural rule is plain error. *State* v. *Pina,* 185 Conn. 473, 482, 440 A.2d 962 (1981).

Since we have concluded that a recommendation of the state for a specific sentence is a plea agreement

within the terms of Practice Book § 692 (3), even if the defendant will argue for a lesser sentence, the trial court has an affirmative mandatory obligation, prior to the imposition of sentence, to tell the defendant that it will not accept the recommendation and to afford the defendant an opportunity to withdraw his plea. See *Quintana* v. *Robinson,* 31 Conn. Sup. 22, 319 A.2d 515 (1973).

Other state courts which have considered whether, after the imposition of sentence, the defendant may withdraw his plea have determined that if the trial court did not advise the defendant prior to sentence that it would not honor the agreement and offer the defendant a chance to withdraw it, the plea was not voluntary and knowing, and must be voided. *Tamers* v. *State,* 284 So. 2d 402 (Fla. Dist. Ct. App. 1973); *State* v. *Fisher,* 223 N.W.2d 243 (Iowa 1974); *Shorette* v. *State,* 402 A.2d 450 (Me. 1979); *People* v. *Killebrew,* 416 Mich. 189, 330 N.W.2d 834 (1982); *Schellert* v. *State,* 569 S.W.2d 735 (Mo. 1978); *State* v. *Goodrich,* 116 N.H. 477, 363 A.2d 425 (1976); *People* v. *Smith,* 76 App. Div. 2d 891, 429 N.Y.S.2d 29 (1980); *Commonwealth* v. *Fazenbaker,* 248 Pa. Super. 433, 375 A.2d 175 (1977); annot., 66 A.L.R.3d 902.

These decisions are in accord with § 4.1 of the American Bar Association Standards Relating to the Function of the Trial Judge (Approved Draft 1972). There is ample authority for the proposition that a defendant should be allowed to withdraw his plea where the judge has not granted the sentence concessions sought, even if the judge had previously warned the defendant that the recommendation need not be followed by the court. Cases such as those cited herein, although there is contrary authority, recognize that if the state is allowed to bargain for a guilty plea in exchange for a recommendation not subsequently followed by the court, without the concomitant ability of the defend-

ant to withdraw that plea in the event the court chooses not to follow it, the defendant's bargain would effectively have been reduced to a trap. Note, "Criminal Procedure: Withdrawal of Plea as a Matter of Right When Plea Agreement is Rejected," 44 Mo. L. Rev. 796, 804 (1979). A defendant should not be irrevocably bound to his plea by a promise of the state which has lost its effectiveness upon rejection by the court.

For the plea to be constitutionally viable, the defendant must be aware of the consequences of his plea. *State* v. *Martin,* supra, 22. Where the plea agreement includes a nonbinding prosecutional recommendation of sentence, the court, if it decides to reject the recommendation, must so advise the defendant and apprise the defendant of the sentence which it believes appropriate. The defendant must then be afforded an opportunity to withdraw his plea. Otherwise, a full understanding of the consequences of the plea is not present. *People* v. *Killebrew,* supra.

The imposition of an appropriate sentence is the function of the court regardless of the bargain of the parties. Plea agreements stem from the desire of the state to obtain a prompt disposition of criminal charges with the certainty of conviction, and from the agreement of the defendant to exchange his constitutional right to a trial, with all of its constitutional safeguards, for the certainty of a known and reduced penalty. The defendant is engaged in barter for the length of his incarceration. *People* v. *Killebrew,* supra. The term of imprisonment is a defendant's "bottom line" and his paramount interest. The length of time a defendant must spend incarcerated is clearly crucial to a decision involving whether he should plead guilty. *State* v. *Collins,* 176 Conn. 7, 9–10, 404 A.2d 871 (1978). When the defendant's reasonable expectation that his sentence will not exceed a particular term is to be defeated because of the trial court's decision, in the proper exer-

cise of its discretion, that a sentence in excess of an agreed term is appropriate, the defendant must be given the opportunity by the trial court to withdraw his plea. Practice Book § 698 is couched in mandatory terms. The words "afford the defendant the opportunity then to withdraw his plea" imply action by the court in order to provide the mechanism for withdrawal. There is an affirmative obligation on the court. Practice Book § 698 is not fulfilled by placing the onus on the defendant to make a motion to withdraw his plea after the imposition of a "surprise" sentence and before the conclusion of the proceedings.

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to withdraw his plea.

In this opinion the other judges concurred.