STATE OF CONNECTICUT *v.* JOHN PAUL REID
(12929)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and MULCAHY, Js.

Argued April 7—decision released June 9, 1987

*John R. Williams,* for the appellant (defendant).

*Steven M. Sellers,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *James G. Clark,* assistant state's attorney, for the appellee (state).

CALLAHAN, J. On March 3, 1983, the defendant pleaded guilty to one count of robbery in the first degree in violation of General Statutes § 53a-134 and one count of larceny in the first degree in violation of General Statutes § 53a-122. Both charges arose from

the armed robbery of the Fidelity Savings and Loan Association in East Haven on November 20, 1981. East Haven police officers apprehended the defendant shortly after the robbery.

At the time the defendant's pleas were entered there existed an understanding between him and the state's attorney for the judicial district of New Haven that the defendant would cooperate with law enforcement officials and furnish information concerning the offenses for which he had been arrested and any other crimes of which he had knowledge. In pursuance of that agreement, the state's attorney informed the court, which canvassed and accepted the defendant's pleas, that, at the time of sentencing, the state would recommend a sentence of "between fifteen to eighteen years," with the right reserved to defense counsel to argue for less. Subsequent to the entry of his pleas, the defendant did furnish information to state and federal law enforcement officials which led to the successful prosecution of numerous serious crimes.

The defendant did not appear for sentencing on the state robbery and larceny charges until January 30, 1986. In the meantime, he was serving a sentence for a federal parole violation. Prior to and at the time of sentencing, federal and state law enforcement agents, the United States Attorney for the District of Connecticut, and the state's attorney involved, all expressed satisfaction with the degree of the defendant's cooperation. The state's attorney, as a result, recommended a sentence of fifteen years, the minimum sentence offered under the plea agreement expressed on March 3, 1983. The sentencing judge, who was not the judge who had accepted the defendant's pleas in 1983, did not adhere to the plea agreement, however, but imposed concurrent sentences of twenty years on each count, to be suspended after the defendant had served ten years, and also imposed a five year period of probation.

The defendant, apparently feeling that his extensive cooperation with law enforcement officials entitled him to greater consideration on his sentence, took this appeal. In a letter to the sentencing judge, just prior to sentencing, the defendant informed the judge that it was his understanding that, if he fully cooperated with the authorities, he would receive a state sentence that was concurrent and coterminous with the federal sentence he was serving as a parole violator. That is also his position on this appeal. At the time of his state sentencing on January 30, 1986, the defendant had served approximately four years on the parole violation and his sentence for the violation was due to expire approximately one month after that date.

There is absolutely nothing in the record, other than the defendant's own letter, to justify his expectations. To the contrary, the sentencing judge immediately prior to pronouncing sentence, without rebuttal from either the defendant or his counsel, stated, "there was in fact no commitment made that the sentence would not exceed the parole time that you owed."[1]

---

[1] "The Court: Mr. Reid, I think you well know that I didn't participate in any way in your case prior to preparing for this sentencing proceeding, so much of what has occurred in the past I had to rely upon counsel and the record to apprise me of.

"As I understand it, Mr. Markle has made a recommendation to the Court today that is in full accord with the commitment that he made to you at the time you entered your plea in this case in 1983, which was a little bit of an unusual commitment at that time not to ask for a sentence in excess of fifteen to eighteen years, but his recommendation today is a sentence of fifteen years, and I don't understand that there is any credibile basis for you to claim or Ms. Zitser to claim—and I don't understand this to be her claim—that there was any commitment made at the time you did enter your plea, irrespective of what might have occurred earlier—that there was in fact no commitment made that the sentence to be imposed for this offense would not exceed the parole time that you owed. Mr. Markle says this is not so. I don't understand Ms. Zitser to make that claim. There may have been earlier discussions, but [if] I understand the situation correctly your cooperation with the state and federal authorities occurred subsequent to your entry of your plea. You knew that at that time, or you certainly should

It is clear from the record before us, therefore, that, although the defendant had hoped to do better, he had bargained for a sentence of "between fifteen to eighteen years" and was induced to enter guilty pleas in anticipation that the sentence he received would be within the agreed upon range, or possibly less, if counsel had been able to persuade the court. Patently, the state's attorney lived up to his agreement with the defendant when he recommended a sentence at the low end of the agreed upon scale. There is, therefore, no merit to the defendant's claim that his state sentence should be coterminous with his sentence as a federal parole violator.

That, however, does not end the matter. The sentence imposed, while it carried a lesser period of immediate incarceration than the sentence recommended by the state's attorney, potentially required the defendant to serve five years more than he had bargained for. Further, the plea agreement did not include a period of probation and there is nothing to indicate that a period of probation had been agreed to or anticipated by the defendant.

A suspended sentence and a period of probation are not inconsequential adjuncts of the sentence imposed that can be ignored or, like castor oil, be considered to have been administered for the defendant's own good. Probation is a criminal sentence and the conditions attached to probation involve serious restraints on a probationer's life-style, associations, movements and activities.[2] *United States* v. *Kamer,* 781 F.2d 1380,

have known at that time what the extent of the state's commitment was, and it was not that your sentence would not exceed your parole time but, rather, only that it be concurrent with the parole time. The fact of the matter is you have served most of your parole time. If I understand your presentence report correctly, your parole will expire next month, is that right?

"The Defendant: Yes, sir."

[2] Indeed, "conditions [of probation] may appear to the defendant more onerous than the sentence of confinement which might be imposed." *In re Osslo,* 51 Cal. 2d 371, 381, 334 P.2d 1 (1958).

1387–88 (9th Cir.), cert. denied, 479 U.S. 819, 107 S. Ct. 80, 93 L. Ed. 2d 35 (1986); see General Statutes §§ 53a-29[3] and 53a-30[4]; W. LaFave & J. Israel, Criminal Procedure § 25.3 (a). Violations of those conditions,

---

[3] "[General Statutes] Sec. 53a-29. PROBATION AND CONDITIONAL DISCHARGE: CRITERIA, PERIODS. (a) The court may sentence a person to a period of probation upon conviction of any crime, other than a class A felony, if it is of the opinion that: (1) Present or extended institutional confinement of the defendant is not necessary for the protection of the public; (2) the defendant is in need of guidance, training or assistance which, in his case, can be effectively administered through probation supervision; and (3) such disposition is not inconsistent with the ends of justice.

"(b) The court may impose a sentence of conditional discharge for an offense, other than a class A felony, if it is of the opinion that: (1) Present or extended institutional confinement of the defendant is not necessary for the protection of the public; and (2) probation supervision is not appropriate.

"(c) When the court imposes a sentence of conditional discharge the defendant shall be released with respect to the conviction for which the sentence is imposed but shall be subject, during the period of such conditional discharge, to such conditions as the court may determine. The court shall impose the period of conditional discharge authorized by subsection (d) and shall specify, in accordance with section 53a-30, the conditions to be complied with. When a person is sentenced to a period of probation the court shall impose the period authorized by subsection (d) and may impose any conditions authorized by said section 53a-30. When a person is sentenced to a period of probation, he shall be placed under the supervision of the office of adult probation.

"(d) The period of probation or conditional discharge, unless terminated sooner as hereinafter provided, shall be as follows: (1) For a felony, not more than five years; (2) for a class A misdemeanor, not more than three years; (3) for a class B misdemeanor, not more than two years; (4) for a class C misdemeanor, not more than one year; and (5) for an unclassified misdemeanor, not more than one year if the authorized sentence of imprisonment is less than three months, or not more than two years if the authorized sentence of imprisonment is in excess of three months, or where the defendant is charged with failure to provide subsistence for dependents, a determinate or indeterminate period."

[4] "[General Statutes] Sec. 53a-30. CONDITIONS OF PROBATION AND CONDITIONAL DISCHARGE. (a) When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant: (1) Work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip him for suitable employment; (2) undergo medical or psychiatric treatment and remain in a specified institution, when required for that purpose; (3) sup-

furthermore, would expose the defendant to a sentence substantially in excess of the agreed upon sentence which induced his guilty pleas. See General Statutes § 53a-32.[5] Therefore, the plea agreement, while

port his dependents and meet other family obligations; (4) make restitution of the fruits of his offense or make restitution, in an amount he can afford to pay or provide in a suitable manner, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance; (5) if a minor, (A) reside with his parents or in a suitable foster home, (B) attend school, and (C) contribute to his own support in any home or foster home; (6) post a bond or other security for the performance of any or all conditions imposed; (7) refrain from violating any criminal law of the United States, this state or any other state; (8) reside in a residential community center or halfway house approved by the commissioner of correction, and contribute to the cost incident to such residence; (9) satisfy any other conditions reasonably related to his rehabilitation. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any.

"(b) When a defendant has been sentenced to a period of probation, the office of adult probation may require that the defendant comply with any or all conditions which the court could have imposed under subsection (a) which are not inconsistent with any condition actually imposed by the court.

"(c) At any time during the period of probation or conditional [release], after hearing and for good cause shown, the court may modify or enlarge the conditions, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any."

[5] "[General Statutes] Sec. 53a-32. VIOLATION OF PROBATION OR CONDITIONAL DISCHARGE: ARREST; PROCEDURE. (a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. Such written statement, delivered with the defendant by the arresting officer to the official in charge of any correctional center or other place of detention, shall be sufficient warrant for the detention of the defendant. After making such

honored by the state's attorney, was not implemented by the sentencing judge. Further, there is nothing in the record to indicate that the sentencing judge gave the defendant an opportunity to withdraw his pleas when he determined that he was not going to impose the agreed upon sentence. Under the existing circumstances, the court had an affirmative duty to do so. *State* v. *Schaeffer,* 5 Conn. App. 378, 389–91, 498 A.2d 134 (1985); *Moore* v. *Florida,* 489 So. 2d 1215, 1216 (Fla. App. 1986); *Jackson* v. *Florida,* 483 So. 2d 90, 91 (Fla. App. 1986); *Dunkel* v. *Florida,* 432 So. 2d 201 (Fla. App. 1983).

On March 3, 1983, when the defendant entered his pleas, he was informed by the court which accepted them that if, at the time of sentencing, the court was unable to "go along with [the] recommendation that the State's Attorney is going to make to the Court which you agreed to," the defendant would have a right to withdraw his pleas. "When a guilty plea is induced by promises arising out of a plea bargaining agreement,

an arrest, such probation officer shall present to the detaining authorities a similar statement of the circumstances of violation. Provisions regarding release on bail of persons charged with a crime shall be applicable to any defendant arrested under the provisions of this section. Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.

"(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional [release] or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

fairness requires that such promises be fulfilled by the state. See, e.g., *Santobello* v. *New York,* 404 U.S. 257, 261, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). The same concept of fairness ordinarily impels the court, in its discretion, either to accord specific performance of the agreement or to permit the opportunity to withdraw the guilty plea." *State* v. *Littlejohn,* 199 Conn. 631, 644, 508 A.2d 1376 (1986). Certainly, in this instance, where the defendant was explicitly informed by the court that if, at the time of sentencing, the court was unable to "go along with" the state's attorney's recommendations he would have the right to withdraw his pleas, the court abused its discretion in failing to afford the defendant an opportunity to do so when the court determined it was not going to accord specific performance of the plea agreement. See *United States* v. *Burruezo,* 704 F.2d 33, 38 (2d Cir. 1983).

Fairness, therefore, requires that the defendant be given the option to retain his present sentence or to be resentenced in accordance with the plea agreement as expressed at the time of sentencing, i.e., fifteen years imprisonment, reserving to defense counsel the right to argue for less.[6] *Santobello* v. *New York,* supra, 263; *People* v. *Mancheno,* 32 Cal. 3d 855, 860–61, 654 P.2d 211, 187 Cal. Rptr. 441 (1982); *Van Buskirk* v. *State,* 720 P.2d 1215, 1216 (Nev. 1986).

There is error in part, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

---

[6] There was an agreement between the defendant and the state's attorney that the defendant's state sentence would be concurrent with his federal sentence. The defendant pleaded guilty on March 3, 1983; he was not sentenced until January 30, 1986. The long hiatus between plea and sentence apparently was at the convenience of and for the benefit of the state. Therefore, if the defendant elects to be resentenced, fair play dictates that he be given credit on any resentencing for the federal time served.