LEROY MILLER *v.* COMMISSIONER OF CORRECTION
(11093)

DALY, FOTI and HEIMAN, Js.

Argued October 26—decision released December 22, 1992

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Patricia A. Swords* and *Michael Dearington,* state's attorneys, *James Turcotte,* assistant state's attorney, and *Christopher Alexy,* deputy assistant state's attorney, for the appellant (respondent).

*Temmy Ann Pieszak,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellee (petitioner).

HEIMAN, J. The commissioner of correction (commissioner) appeals from the judgment of the habeas court granting the petitioner's habeas corpus petition and remanding the case to the Superior Court with direction that the petitioner be permitted to withdraw his previously entered plea of guilty. After receiving certification from the habeas court, the commissioner appeals claiming that the remedy ordered by the habeas court was improper and that the proper remedy should be limited to an order in the nature of specific performance of the plea agreement that was breached. We disagree that the remedy ordered by the habeas court was improper and affirm the judgment.

The following facts are necessary to a resolution of this appeal. On May 24, 1989, the petitioner, Leroy Miller, entered a guilty plea to a single count of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). At the time that the plea of guilty was entered, the state's attorney advised the court that a plea agreement had been reached and the state would recommend a sentence as follows: "[A] period of time to be suspended after fifteen years, that fifteen years being [in] the nature of a cap with the right of counsel to argue for a lesser period of incarceration. A three year probation and the amount of time to be suspended over the defendant's head will be some four years." After a full canvass of the plea, including notice by the trial court that, if it imposed a sentence in excess of the plea agreement, the petitioner would be permitted to withdraw his guilty plea, the trial court, *Ronan, J.,* accepted the plea and entered a finding of guilty.

On July 7, 1989, the trial court sentenced the petitioner to the custody of the commissioner of correc-

tion for a period of seventeen and one-half years, which was to be suspended after thirteen and one-half years, and thereafter ordered that the petitioner be placed on probation for a period of four years. Although the period of probation exceeded the period provided for in the plea agreement, the trial court failed to offer the petitioner an opportunity to withdraw his plea of guilty. Defense counsel made no objection to the fact that the period of probation imposed by the trial court exceeded by one year the period set forth in the plea agreement, nor did the petitioner raise any objection to the sentence at that time.

By petition dated July 28, 1989, the petitioner sought a writ of habeas corpus alleging that his plea of guilty was accepted without substantial compliance with Practice Book § 711,[1] and that the sentence imposed exceeded that specified in a plea agreement. The petitioner claimed as relief that he be permitted to withdraw his plea of guilty. On March 26, 1991, the petitioner filed an amended complaint. In that complaint, the petitioner claimed in the first count that he pleaded guilty on the advice of counsel, that he believed that he would receive a total effective sentence not to exceed fifteen years, that his attorney had not prop-

---

[1] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

erly investigated the facts or the evidence against him and that his guilty plea and admissions were not knowing, intelligent and voluntary. In the second count of his complaint, the petitioner claimed the ineffective assistance of counsel by reason of counsel's improper investigation and his misadvice to the petitioner. In the third count, the petitioner claimed that the attorney whom he had retained was not present at sentencing, that he requested a continuance which was denied and that the attorney from the office of his retained attorney was not prepared to represent him properly.

The habeas court held a full evidentiary hearing and found that the petitioner had been sentenced in a manner inconsistent with the plea agreement, namely, to a term of probation for a period of four years when the plea agreement reflected that a three year period of probation was to be imposed. On the basis of the fact that the plea agreement had been breached, the habeas court granted the petition and remanded the case to the trial court with direction that the petitioner be afforded his right to withdraw his guilty plea. The habeas court did not address the second or third counts of the petition.

The commissioner sought and received certification from the habeas court on the issue of whether the proper remedy is to remand this case for the petitioner to be resentenced in accordance with the terms of the original plea agreement. This appeal followed.

The state does not contest the correctness of the judgment of the habeas court finding that the petitioner was entitled to the issuance of the writ. It limits its appeal to the claim that the remedy afforded, permitting the petitioner to withdraw his plea of guilty, was improper. The state posits that the proper remedy should be limited to specific performance, giving the petitioner the exact plea agreement for which he bargained, a

limit of the probationary period to three years. We do not agree that this is the exclusive remedy available to the petitioner.

We have long recognized that plea agreements are an essential and necessary part of the due administration of criminal justice. *State* v. *Nelson,* 23 Conn. App. 215, 218, 579 A.2d 1104, cert. denied, 216 Conn. 826, 582 A.2d 204 (1990), cert. denied, 499 U.S. 922, 111 S. Ct. 1315, 113 L. Ed. 2d 248 (1991); see also *Santobello* v. *New York,* 404 U.S. 257, 260–61, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).[2] While plea agreements are an essential part of the disposition of criminal cases, the right, duty and discretion of the trial judge to fashion an appropriate sentence in each case cannot be undermined by a plea agreement entered into between the parties. See *State* v. *Littlejohn,* 199 Conn. 631, 644, 508 A.2d 1376 (1986). Thus, while the state may bind itself to make a specific recommendation with respect to a criminal disposition, neither the state nor the defendant, nor a combination thereof, may compel the trial court to accept a suggested disposition arrived at between the parties. Id.

It is undisputed that the sentence imposed concerning the period of probation to be served by the petitioner after the suspension of the period of incarceration exceeded the plea agreement. A period of probation imposed in conjunction with a fully suspended sentence or to commence after the service of a period of incarceration is a criminal sentence with serious consequences to the probationer including restrictions on the probationer's life-style, activities, associations and freedom of movement. *State* v. *Reid,* 204 Conn. 52, 55–56 526 A.2d 528 (1987); see also

---

[2] The recommendation by the state for a specific sentence is a plea agreement subject to Practice Book § 698, even where the defendant reserves the right to argue for the imposition of a lesser penalty. *Blue* v. *Robinson,* 173 Conn. 360, 363–65 n.1, 377 A.2d 1108 (1977).

*United States* v. *Kamer,* 781 F.2d 1380, 1387–88 (9th Cir.), cert. denied, 479 U.S. 819, 107 S. Ct. 80, 93 L. Ed. 2d 35 (1986). Here, the sentencing judge did not implement the plea agreement when he ordered a period of probation that exceeded the period set forth in the plea agreement.

"When a guilty plea is induced by promises arising out of a plea bargaining arrangement, fairness requires that such promises be fulfilled by the state. . . . The same concept of fairness ordinarily impels the court, in its discretion, either to accord specific performance of the agreement or to permit the opportunity to withdraw the guilty plea." (Citations omitted; internal quotation marks omitted.) *State* v. *Niblack,* 220 Conn. 270, 283, 596 A.2d 407 (1991); *State* v. *Reid,* supra, 58–59; see also *State* v. *Schaeffer,* 5 Conn. App. 378, 389, 498 A.2d 134 (1985).[3] Our Practice Book § 698 also provides in pertinent part that "[i]f the judicial authority rejects the plea agreement, he shall inform the parties of this fact; advise the defendant personally in open court . . . that the court is not bound by the plea agreement; afford the defendant the opportunity then to withdraw his plea, if given; and advise the defendant that if he

[3] Our Supreme Court's holding in *State* v. *Reid,* 204 Conn. 52, 526 A.2d 528 (1987), and our holding in *State* v. *Schaeffer,* 5 Conn. App. 378, 390, 498 A.2d 134 (1985), are not logically inconsistent. In fact, in *State* v. *Reid,* supra, 58, the Supreme Court cited with approval this court's holding in *State* v. *Schaeffer,* supra. These cases are distinguishable in three respects. On appeal, the parties in *State* v. *Reid,* supra, and *State* v. *Schaeffer,* supra, sought different remedies. In *State* v. *Reid,* supra, 54, the defendant sought to have the Supreme Court vacate the Superior Court's decision and order the case to be remanded with directions to impose on the defendant an effective sentence of time served. In *State* v. *Schaeffer,* supra, 381, as in the case before us, the remedy sought by the defendant was withdrawal of his plea of guilty. It is well established that we decide cases on the theories on which they were tried and decided in the trial court, and briefed and argued in this court. *Pagani* v. *BT II, Limited Partnership,* 24 Conn. App. 739, 747, 592 A.2d 397, cert. dismissed, 226 Conn. 902, 593 A.2d 968 (1991); *Carley* v. *Lumbermens Mutual Casualty Co.,* 10 Conn. App. 135, 141, 521 A.2d 1053 (1987); *State* v. *Martin,* 2 Conn. App. 605, 612B, 482 A.2d 70

persists in his guilty plea . . . the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.'' Where the word ''shall'' is employed in criminal procedural rules, it indicates that the requirements that follow are mandatory rather than directory. *State* v. *Somerville,* 214 Conn. 378, 387, 572 A.2d 944 (1990); *State* v. *Cook,* 183 Conn. 520, 522–23, 441 A.2d 41 (1981). The failure of the trial court to follow the mandatory provisions of the rules of criminal procedure constitutes plain error. *State* v. *Johnson,* 214 Conn. 161, 171 n.10, 571 A.2d 79 (1990); *State* v. *Pina,* 185 Conn. 473, 482, 440 A.2d 962 (1981).

Thus, under these circumstances, the trial court ''has an affirmative mandatory obligation, prior to the imposition of sentence, to tell the defendant that it will not accept the recommendation and to afford the defendant an opportunity to withdraw his plea.'' *State* v. *Schaeffer,* supra; see also *State* v. *Reid,* supra, 58. The failure of the trial court to afford this protection to the petitioner deprives him of the constitutionally guaranteed right to understand fully the consequences of his plea as a part of ensuring that the plea is voluntarily made. *State* v. *Schaeffer,* supra, 390.

(1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985). The cases are also distinguishable in their treatment of the role of the Appellate Court in deciding the appeal. In *State* v. *Reid,* supra, the defendant failed to argue that the Supreme Court's imposition of the remedy that he actually sought would usurp the function of the trial court's discretion. In fact, the defendant encouraged the Supreme Court to impose the plea agreement. In the case before us, the defendant has argued that this court's imposition of a remedy in the nature of specific performance would usurp the function of the trial court and subvert its discretion. See footnote 6, infra; see also *State* v. *Schaeffer,* supra, 390 (''imposition of an appropriate sentence is the function of the court regardless of the bargain of the parties''). The cases are further distinguishable in their discussion of the relevant rules of practice. The parties in *State* v. *Reid,* supra, did not brief the relevant rules of practice. In *State* v. *Schaeffer,* supra, 381, as in the case before us, the defendant discussed the relevant rules of practice in arguing that withdrawal of his plea of guilty was the appropriate remedy.

As we have said, the trial court failed to follow the recommendation of the parties with regard to the sentence to be imposed and further failed to follow the mandate of the rules of practice that the defendant be afforded the opportunity to withdraw his guilty plea. See Practice Book § 697.[4] The trial court is obligated to provide the mechanism for the defendant to withdraw his plea and there is no affirmative obligation placed on the defendant to make a motion to withdraw the plea after the imposition of a sentence that does not comport with the plea agreement. *State* v. *Schaeffer,* supra, 391.

The state posits that justice can be accomplished by a remand and order that the petitioner be afforded the benefit of his plea agreement, an order in the nature of specific performance. To accept this suggestion implies that we, rather than the trial court, would thus determine the proper sentence to be imposed. This argument fails to consider that the trial court, by not following the recommendation agreed upon for the period of probation, implicitly rejected the plea agreement, as it had an absolute right to do. Id.; Practice Book § 694.[5] The imposition of an appropriate sentence is the function of the trial court, and not our function.[6]

[4] Practice Book § 697 provides: "If the case is continued for sentencing, the judicial authority shall inform the defendant that a different sentence from that embodied in the plea agreement may be imposed on the receipt of new information or on sentencing by another judicial authority, but that if such a sentence is imposed, the defendant will be allowed to withdraw his plea in accordance with Sec. 719."

[5] Practice Book § 694 provides in pertinent part: "If a plea agreement has been reached by the parties, which contemplates the entry of a plea of guilty . . . the judicial authority shall require the disclosure of the agreement in open court . . . . Thereupon the judicial authority may accept or reject the agreement, or he may defer his decision on acceptance or rejection until there has been an opportunity to consider the presentence report, or he may defer it for other reasons."

[6] Even if we were convinced that the recommended sentence was appropriate and just, we would still be unable to direct the trial court to impose that sentence. Such action on our part would represent the most flagrant

See *State* v. *Schaeffer,* supra, 390. In this case, the trial court implicitly rejected the nonbinding plea agreement by failing to follow its parameters involving the period of probation. It did so without following the mandate of Practice Book § 698 that where the trial court elects to reject the recommendation, it must advise the defendant and apprise the defendant of the sentence that it would be inclined to impose. Id. The defendant must be afforded an opportunity to withdraw his guilty plea because otherwise, a full understanding of the consequences of the plea and the rejection of the plea agreement would be absent. Id.

Since the failure to comply with Practice Book § 698 impacts on a mandatory requirement of criminal practice, it follows that the only appropriate remedy is to place the petitioner in the position that he would have been in had the requirements of Practice Book § 698 been met. The petitioner must therefore be afforded the opportunity to withdraw his plea. Id., 391.

The judgment of the habeas court is affirmed.

In this opinion the other judges concurred.

substitution of our judgment for that of the trial court and would further be an unwarranted incursion into an area that is peculiarly within the discretion of trial judges. See *State* v. *Schaeffer,* 5 Conn. App. 378, 390–91, 498 A.2d 134 (1985). It is for the trial judge to decide what an appropriate sentence is to be, and not for us to dictate whether a plea agreement should be accepted or rejected.