[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to dismiss directed at several of the 224 charges with which he is charged. The motion to dismiss contains forty-five paragraphs setting forth various grounds for dismissal of certain of the counts. Previously, the court rendered oral decisions regarding all of the issues presented by the motion to dismiss except for one which is the subject of this written decision.
The defendant is a former probation officer who is charged with, inter alia, seventy-one counts of sexual assault second degree or fourth degree on the basis that he used or attempted to use his position as a supervising authority over several probationers to compel these probationers to engage in sexual contact and intercourse with him. The amended information alleges these acts to be in violation of G. S. §§ 531-71(a)(5) and53a-73a(a)(1)(E). The pertinent portions of these provisions contain identical language prohibiting sexual intercourse or sexual contact with another when that other person is "in custody of law or detained in a hospital or other institutions and the actor has supervisory or disciplinary authority over such other person".
The defendant contends that these counts fail to state offenses because the purported victims were on probation in the general community rather than incarcerated or otherwise involuntarily detained or institutionalized. Thus, the issue for the court to resolve is whether placement on probation by the sentencing court constitutes custody of law within the purview of these crimes. This issue appears to be one of first impression in Connecticut. CT Page 3735
In deciding this matter the court must be guided by the principles of statutory interpretation that criminal provisions are strictly construed but that strict construction may differ from the narrowest possible construction. State v. Colon230 Conn. 24, 32 (1994).
The statutes in question derive in large part from the Model Penal Code § 213.3, which Code was adopted in Connecticut in 1969, effective October 1, 1971. Our penal code lacks specific definitions of "custody of law" or "custody," although G.S. § 53a-168 defines "custody" for G.S. §§ 53a-169 to 53a-171
which sections pertain to escape crimes. That definition comports with the defendants position that "custody of law" applies only to persons held under restraint of arrest or court order. However, if the definition of custody in § 53a-168 were meant to apply to §§ 53a-71 and 53a-73a, one would expect either an express reference to that definition in these statutory crimes or a reference to those crimes in § 53a-168. The absence of such references implies that the phrase "in custody of law" as used in the sexual assault provisions means something different than that propounded in § 53a-168.
Concerning the adoption of these criminal provisions, the Connecticut Commission to Review Criminal Statutes stated:
"This offense is aimed at situations in which there is consent but the actor is in a supervisory or custodial position vis-a-vis the victim. For example, the other person is the actor's ward or under his general supervision; or the other person is in legal custody or under commitment to the hospital and the actor has supervisory or disciplinary authority over him."
Unfortunately, this comment affords little assistance as to the meaning of "legal custody".
Black's Law Dictionary (5th Ed. 1979) remarks that the word "custody" is "very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisoning or of taking manual possession". That text further explains that being in custody "does not necessarily mean actual physical detention in jail or prison but rather is synonymous with restraint of liberty. . . . Accordingly, persons onprobation . . . have been held to be `in custody' for purposes of habeas corpus proceedings." (Emphasis added.) CT Page 3736
Indeed, our appellate courts have recognized that an individual is in custody while on probation, for invocation of habeas corpus jurisdiction. Miller v. Commissioner of Correction,29 Conn. App. 773, 777 (1992). A probationary period is a criminal sentence "with serious consequences . . . including restrictions on the probationers life-style, activities, associations and freedom of movement. Id. See also, Murray v.Lopes, 205 Conn. 27, 31 (1987).
It is significant that the drafters of these criminal provisions chose the phrase in custody of law" rather than merely "in custody". The court presumes that all the words used by the legislature are necessary to describe fully the conduct prohibited as opposed to the presence of surplusage. State v.Burney, 189 Conn. 321, 327 (1983). The term "in custody of law" has a slightly different connotation than "in custody" standing alone. The Latin phrase for "in custdoy of law," custodia legis,
is defined by Black's Law Dictionary (5th Ed. 1979) as a doctrine whereby a thing is considered in custody of the court despite the absence of actual possession.
The concept that one who is unconfined may still be in the custody of a probation officer is supported by the usage of that term in other statutes. General Statutes § 54-56e(d) states that defendants granted accelerated rehabilitation shall "be released to the custody of the Office of Adult Probation". Subsection 54-56e(e) indicates that a defendant released to such "custody" may apply for dismissal of the pending charges upon satisfactory completion of the "period of probation". These provisions certainly pertain to persons who are not confined.
Also, G.S. § 54-108 provides that minors who are in pretrial confinement may be released from such confinement "to the custody of a probation officer" pending disposition. The clear purpose of § 54-108 is to release minors from
incarceration to the custody of a probation officer.
Case law also supports the notion that a probationer is in the custody of the probation officer. In Tracy v. Johnson,156 Conn. 630 (1968), the petitioner sought habeas corpus relief from his commitment to the Connecticut School for Boys in Meriden. While under this commitment, the petitioner was convicted of crimes and sentenced to probation. At the time of the appeal, the petitioner was no longer at the school. Our Supreme Court CT Page 3737 dismissed the appeal as moot In doing so, the Court noted that the petitioners custody had been transferred from one custodian, the superintendent of the school, to another under the order of probation. Id., 631 and 632.
The court concludes that the phrase "in custody of law" as expressed in §§ 53a-71 and 53a-73a covers persons beyond those confined and includes persons committed by the court to supervision by the probation department. Consequently, the motion to dismiss the seventy-one counts of sexual assault second degree or fourth degree, because those counts fail to allege that the victims were in custody of law, is denied.
Sferrazza, J.