STATE OF CONNECTICUT *v.* JOHN CAZZETTA
(AC 26692)

DiPentima, Gruendel and Pellegrino, Js.

---

Argued March 30—officially released August 15, 2006

*John Cazzetta*, pro se, the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Ronald Dearstyne*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The pro se defendant, John Cazzetta, appeals from the judgment of the trial court denying his motion to correct his sentence. On appeal, the defendant claims that because the sentencing court improperly imposed a sentence that exceeded his plea agreement, the court abused its discretion in denying his motion. We affirm the judgment of the trial court.

The defendant was charged with, inter alia, assault of public safety personnel in violation of General Statutes § 53a-167c and operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a. On April 9, 2003, the defendant pleaded guilty to both counts under the *Alford* doctrine[1] before the court, *Hon. Bernard D. Gaffney*, judge trial referee. At the outset of the hearing, when the state informed the court of the plea agreement, the court sought clarification.[2] The court then canvassed the defendant to ensure that he had discussed the plea agreement with his attorney, that he understood the agreement and that he understood that by pleading guilty under the *Alford* doctrine he would surrender certain constitutional rights. The court also

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] "[The Prosecutor]: Our agreement is the following: A cap of four years on the committed portion with a floor of one year, mandatory, and a presentence investigation.

"The Court: I'm sorry. You got to tell me that again, please.

"[The Prosecutor]: I'm sorry, Your Honor. A cap of four years on the committed portion.

"The Court: What do you mean, the committed portion?

"[The Prosecutor]: On the—on the jail portion, a split sentence with a cap of four years.

"The Court: All right.

"[The Prosecutor]: And a floor of one year on the—

"The Court: Somewhere between a minimum of one year and a maximum of four years, right?

"[The Prosecutor]: Yes. Better said. Yes, Judge."

questioned the defendant about whether he was entering the pleas voluntarily and of his free will. The defendant answered all of the court's questions in the affirmative, and his attorney did not object.

On July 31, 2003, the court, *Bentivegna, J.,* imposed a "[t]otal effective sentence, eight years, execution suspended after four years to serve, three years probation."[3] The defendant made no objection at the time of sentencing and did not file his motion to correct the sentence until April 12, 2005, almost two years later. On June 1, 2005, the court, *Cofield, J.,* conducted an evidentiary hearing and denied the motion. On June 22, 2005, the court held an evidentiary hearing on the defendant's motions to reargue, for articulation and for the waiver of fees and costs, and denied the motions, with the exception of certain fees and costs of transcripts. This appeal followed.

The defendant's sole claim on appeal is that the court improperly denied his motion to correct his sentence, which he claims was imposed in an illegal manner.[4]

[3] More specifically, the court imposed the following sentence: "On the operating while under the influence conviction, it's the sentence of the court that you be committed to the custody of the commissioner of correction for a period of three years, one year mandatory minimum. I'm going to impose a $2000 fine; remit the fine, waive any fees and costs.

"On the assault of the police officer conviction, it is the sentence of the court that you be committed to the custody of the commissioner of correction for a period of eight years, execution of that sentence suspended after four years to serve, and you're placed on three years probation. Those sentences are to run concurrent. Total effective sentence, eight years, execution suspended after four years to serve, three years probation."

[4] The defendant's brief refers to the sentence as being both illegal and imposed in an illegal manner. We note, however, that the difference between the two is in more than mere semantics. "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . A sentence imposed in an illegal manner is one within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or

Specifically, the defendant argues that the sentence imposed did not correspond to his plea agreement, which consisted of a total effective sentence of no more than four years. We disagree.

At the outset, we note that Practice Book § 43-22 provides the procedure by which a court may exercise its jurisdiction to decide this issue: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Accordingly, we set forth the well settled standard of review. "We will reverse the court's denial of the petitioner's motion to correct the sentence only on a showing that the court abused its discretion. . . . Furthermore, in reviewing the petitioner's claims, we do not question credibility determinations reached by the court, for the trial court is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . Additionally, the petitioner can prevail in his challenge to the trial court's factual findings only if those findings are clearly erroneous." (Citations omitted; internal quotation marks omitted.) *State* v. *Dixson*, 93 Conn. App. 171, 176–77, 888 A.2d 1088, cert. denied, 277 Conn. 917, 895 A.2d 790 (2006).

The court considered the defendant's representations and found that he had not met his burden of persuading the court that he was unaware of the suspended sentence and probationary period beyond the four year incarceration. In reaching that conclusion, the court relied heavily on the transcripts of the plea canvass

his right that the government keep its plea agreement promises . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Henderson*, 93 Conn. App. 61, 67, 888 A.2d 132, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006). We address the defendant's claim as appropriately invoking only the latter.

and sentencing hearing.[5] At the time of the plea, the defendant had answered in the affirmative the court's questions regarding whether he understood the plea agreement, whether it was entered knowingly and voluntarily, and whether he had discussed it with his attorney. He also had answered negatively the court's questions of whether he was surprised by the state's representation of the plea agreement or whether he had been forced or pressured into entering a guilty plea. At the time of sentencing, when given the opportunity, neither the defendant nor his attorney posed any questions, nor did either indicate at any time during the hearings or shortly thereafter that the sentence imposed was inconsistent with the plea agreement.[6]

The defendant principally relies on *State* v. *Reid*, 204 Conn. 52, 526 A.2d 528 (1987), and *Miller* v. *Commissioner of Correction*, 29 Conn. App. 773, 617 A.2d 933 (1992).[7] Although the cases are relevant to the issue on appeal, the defendant's reliance is misplaced. In *Reid*, the defendant pleaded guilty to two charges and, in

---

[5] The court concluded with the following: "And I think what tilts the scale here for this court is the fact that Judge Gaffney asked the state's attorney specifically, what do you mean when you say committed portion? And the state said, on the jail portion of the sentence, that the four years would be the maximum committed portion—or portion that could be spent in jail, which indicates logically that there could be a suspended sentence over and above the four years."

[6] Although the terms of the plea agreement were not stated clearly on all occasions, the court's oral imposition of an eight year sentence, suspended after four years, with a three year probationary period was quite clear.

[7] The defendant also relies on *State* v. *Schaeffer*, 5 Conn. App. 378, 498 A.2d 134 (1985). This court's holding in *Schaeffer* afforded the defendant the right to withdraw his plea because the trial court had imposed a sentence that exceeded his plea agreement with the state. The defendant in this case does not seek to withdraw his plea and does not dispute the committed portion, but rather seeks to have the suspended period and the period of probation vacated. "Indeed, conditions [of probation] may appear to the defendant more onerous than the sentence of confinement which might be imposed." (Internal quotation marks omitted.) *State* v. *Reid*, supra, 204 Conn. 56 n.2. Accordingly, *Schaeffer* is inapposite.

exchange for the plea, entered into an agreement with the state for a sentence of fifteen to eighteen years incarceration, with the right to argue for less at sentencing. *State* v. *Reid*, supra, 53. At the time of sentencing, a judge different from the one who had accepted the plea sentenced the defendant to twenty years incarceration on each count, to run concurrently, suspended after ten years, along with five years probation. Id. The defendant appealed from the judgment, and our Supreme Court held that "[t]he sentence imposed, while it carried a lesser period of immediate incarceration than the sentence recommended by the state's attorney, potentially required the defendant to serve five years more than he had bargained for. Further, the plea agreement did not include a period of probation and there is nothing to indicate that a period of probation had been agreed to or anticipated by the defendant." Id., 55. *Reid* is distinguishable from the present case, however, as the court here correctly found, because Judge Gaffney, in taking the defendant's plea in this case, clearly defined the terms of the plea agreement and underscored the fact that the four year maximum referred to only the committed portion of the sentence. Further, the court reasonably concluded that because neither the defendant nor his attorney disputed the sentence at the time it was imposed, the probationary period had not been a surprise to the defendant.

In *Miller* v. *Commissioner of Correction*, supra, 29 Conn. App. 773, the defendant entered into a plea agreement that provided for a maximum of three years probation. Id., 774. The court, however, imposed a period of four years probation. Id., 775. Claiming that the sentence he received exceeded the terms of the plea agreement, the defendant brought a petition for a writ of habeas corpus. Id. This court affirmed the habeas court's decision that the trial court improperly imposed a sentence of four years probation when the plea

agreement had designated a probationary period of only three years. Id., 780. *Miller* is distinguishable because in that case, the trial court exceeded the probationary period that specifically was included in the plea agreement by one year. In this case, however, the plea agreement was silent as to the duration of probation that would be included with the "cap of four years on the committed portion."

The defendant waited more than twenty months after the sentencing hearing to file his motion to correct. The defendant in *State* v. *Winer*, 69 Conn. App. 738, 796 A.2d 491, cert. denied, 261 Conn. 909, 806 A.2d 50 (2002), similarly waited more than fourteen months before he sought to vacate the judgments and withdraw his pleas of nolo contendere. Id., 743–44. "A swift change of heart is itself strong indication that the plea was entered in haste and confusion. . . . A period of fourteen months can hardly be considered a swift change of heart. Such a substantial delay in time between the defendant's sentencing and his challenge of the sentence's validity tends to reveal that the defendant expected a term of probation when he was sentenced." (Citation omitted; internal quotation marks omitted.) Id., 750.

The defendant maintains, and we agree, that Practice Book § 43-22 does not provide for a time restriction on a court's authority to correct a sentence imposed in an illegal manner. Nevertheless, the court properly considered the more than twenty months between the sentence and the filing of the motion to correct in determining the defendant's credibility: "[Y]es, I have the jurisdiction, but am I going to exercise my jurisdiction for a phony reason or pretentious reason or a false reason or a reason that undermines the administration of justice? No. You have the same burden as anybody else who appears in this court. You have to show me that you have credibility. And that's what is lacking, and that is what you need to be persuading me of right

now—your credibility, not of my jurisdiction. I know I have it."

The defendant also correctly argues that "although plea agreements are subject to ordinary contract law principles . . . any ambiguity [in the agreement] is [to be] resolved strictly against the Government." (Internal quotation marks omitted.) *State* v. *Dixson*, supra, 93 Conn. App. 180. We note, however, that "[t]he ultimate goal . . . in construing any plea agreement when there is a dispute as to its terms is the real intent of the parties . . . ." (Internal quotation marks omitted.) Id. The court concluded that the parties intended the sentence that was given at the sentencing hearing, finding it significant that neither the defendant nor his counsel took issue with the very sentence that the defendant sought to correct twenty months later. Because the record indicates that the defendant received the sentence for which he had bargained, the court did not abuse its discretion in denying the defendant's motion.

The judgment is affirmed.

In this opinion the other judges concurred.