STATE OF CONNECTICUT *v.* ARTHUR JACOBSON
(11523)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued March 22—decision released July 6, 1993

*Jon L. Schoenhorn,* with whom, on the brief, was *Karen A. Goodrow,* for the appellant (defendant).

*Susann E. Gill,* supervisory assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, *Donna Mambrino,* deputy assistant state's attorney, and *Carol Gette,* former deputy assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction, rendered following a plea of nolo contendere, of one count of operating a motor vehicle while his operator's license was under suspension in violation of General Statutes § 14-215 (c). The defendant claims that (1) the trial court improperly concluded that his operator's license was under suspension at the time of his arrest pursuant to the provisions of subsection (c) of General Statutes § 14-215, and (2) he was deprived of his due process rights because he lacked notice that the one year suspension period prescribed in General Statutes § 14-227a could be extended indefinitely. We

agree with the defendant's first claim, and therefore set aside the judgment of conviction, and remand the case with direction to resentence the defendant. Because we set aside the judgment of the trial court on the basis of the defendant's first claim, we need not reach the merits of his second claim.

The following facts are pertinent to the resolution of this appeal. On March 28, 1989, the defendant was convicted of operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a. As a result of the conviction, the defendant's operator's license was suspended on April 22, 1989, for a period of one year. On August 5, 1989, the defendant's operator's license was concurrently suspended for six months because of his failure to submit to alcohol testing pursuant to General Statutes § 14-227b. The department of motor vehicles, pursuant to General Statutes § 14-112, imposed an administrative requirement that the defendant show proof of financial responsibility before his license could be restored.

On September 22, 1991, the defendant was arrested and charged with operating a motor vehicle while his license was under suspension, allegedly in violation of General Statutes § 14-215 (c). Section 14-215 (c) provides for a substantial fine and a mandatory minimum thirty day jail sentence for individuals who operate a motor vehicle while their license is under suspension because of a violation of the operating a motor vehicle while intoxicated statutes. At the time of the defendant's arrest, more than a year had passed since his suspension was imposed in April, 1989. The defendant, however, had not shown the department of motor vehicles proof of financial responsibility. Therefore, at the time of the defendant's arrest, his license had not been restored, although the period of time of the suspension of his license had passed.

The state asserts that at the time of the defendant's arrest, his license was still under suspension for a violation of General Statutes § 14-227a because, despite the passage of more than one year from the date the suspension took effect, the defendant had not completed the administrative steps to warrant restoration of his license. The defendant concedes that at the time of his arrest he had not submitted a statement of financial responsibility, and could have been charged with operating a motor vehicle without a license. He challenges, however, the state's contention that at the time of his arrest he was guilty of a violation of § 14-215 (c) because, he argues, his suspension on account of a violation of § 14-227a had expired on April 22, 1990, one year after its imposition.

Prior to proceedings on the merits in the trial court, the defendant moved to dismiss the information charging him with violating § 14-215 (c) for the reasons he asserts on appeal. In a memorandum of decision, the trial court, after quoting General Statutes §§ 14-215 (c), 14-112, and 14-111 (a), stated: "Due to the above statutory provisions, the court finds that although the one year period of suspension had elapsed, restoration of the defendant's driving privilege had not occurred and so the defendant was still subject to arrest for operating a motor vehicle while under suspension in violation of General Statutes § 14-215 (c). See *State* v. *Verville,* 16 Conn. Sup. 178 (1949); *New Hampshire* v. *Callahan,* 489 A.2d 130 (1985)." The motion was denied.

The state cites, as did the trial court in its memorandum of decision on the motion to dismiss, the Court of Common Pleas case of *State* v. *Verville,* supra, to support its proposition that a suspension imposed under § 14-227a continues until all requirements for restoration have been met. The present case can be distinguished from *Verville* because of the penal effects of the statutes in question.

The defendant in *Verville* was convicted of reckless driving in December, 1947. Id., 178–79. In February, 1948, the commissioner of the department of motor vehicles suspended the defendant's operator's license. Id., 178. The commissioner notified the defendant that his license would be returned after fifteen days provided that he supplied proof of financial responsibility. Id. In February, 1949, the defendant was arrested and convicted of operating a motor vehicle while his license was under suspension in violation of General Statutes (1949 Rev.) § 2420, a predecessor to General Statutes § 14-215. Id., 179. General Statutes (1949 Rev.) § 2420 provided: "No person to whom an operator's license has been refused, or whose operator's license or whose right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. No person shall operate or cause to be operated any motor vehicle, the registration of which has been refused, suspended or revoked, or any motor vehicle, the right to operate which has been suspended or revoked. *Any person who violates any provision of this section shall be fined not less than one hundred dollars nor more than two hundred dollars or imprisoned not more than ninety days or be both fined and imprisoned.*" (Emphasis added.) General Statutes § 14-215, under which the defendant in the present case was charged, provides in pertinent part: "(a) No person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. No person shall operate or cause to be operated any motor vehicle, the registration of which has been refused, suspended or revoked, or any motor vehicle, the right to operate which has been suspended or revoked. . . . (c) Any person who operates

any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation *on account of a violation of subsection (a) of section 14-227a* or section 53a-56b or 53a-60d or pursuant to section 14-227b, *shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner."* (Emphasis added.) The current statute, while repeating much of the language of its predecessor, contains a separate subsection singling out violators of the operating while intoxicated statute for stiff penalties, including a mandatory thirty day jail sentence. The heightened penalty distinguishes the current statute from its predecessors.

A guiding principle of our inquiry is that criminal statutes should be strictly construed in favor of the accused. *State* v. *Whiteman,* 204 Conn. 98, 101, 526 A.2d 869 (1987); *State* v. *Edwards,* 201 Conn. 125, 132, 513 A.2d 669 (1986). "It is a fundamental tenet of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment." *State* v. *Rawls,* 198 Conn. 111, 121, 502 A.2d 374 (1985). We must construe statutory language strictly to avoid imposing criminal liability where none is expressly intended by the legislature. *State* v. *LoSacco,* 12 Conn. App. 172, 177, 529 A.2d 1348 (1987).

The language providing for a one year suspension for a first violation of General Statutes § 14-227a is unambiguous. Subsection (h) of § 14-227a provides in pertinent part: "Any person who violates any provision of subsection (a) of this section shall: (1) For conviction of a first violation, (A) be fined not less than five hundred dollars nor more than one thousand dollars and (B) be (i) imprisoned not more than six months, forty-eight consecutive hours of which may not be suspended

or reduced in any manner or (ii) imprisoned not more than six months, with the execution of such sentence of imprisonment suspended entirely and a period of probation imposed requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) *have his motor vehicle operator's license or nonresident operating privilege suspended for one year . . . ."* (Emphasis added.) The language of § 14-215 (c) does not provide for a suspension in excess of one year if the defendant does not take the administrative steps necessary for the restoration of a license.

Under General Statutes § 14-112,[1] the commissioner of motor vehicles shall require a person who has violated § 14-227a to show proof of financial responsibility before the person's license is restored. If proof of financial responsibility is not shown, then the license will not be restored. Our legislature has set out a comprehensive scheme for punishing violators of our operating while intoxicated statutes. That scheme unambiguously mandates a one year suspension of a violator's operator's license under § 14-227a, and pro-

---

[1] General Statutes § 14-112 provides in pertinent part: "To entitle any person to receive or retain a motor vehicle operator's license or certificate of registration of any motor vehicle when, in the opinion of the commissioner, such person has violated . . . subsection (a) of section 14-227a . . . the commissioner shall require from such person proof of financial responsibility to satisfy any claim for damages by reason of personal injury to, or death of, any one person, of twenty thousand dollars, or by reason of personal injury to, of the death of, more than one person on account of any accident, of at least forty thousand dollars, and for damage to property of at least ten thousand dollars . . . . If any person fails to furnish such proof, the commissioner shall, until such proof is furnished, suspend or revoke the license of such person to operate a motor vehicle or refuse to return any license which has been suspended or revoked in accordance with the provisions of section 14-111 . . . . Prior to such suspension, revocation or withdrawal, notice thereof shall be given by the commissioner by a notice forwarded by bulk certified mail to the address of such person as shown by the records of the commissioner. . . ."

vides that a license shall be restored upon proof of financial responsibility in another section, § 14-112. Nothing in the statutory scheme, however, indefinitely extends the period of suspension, pursuant to § 14-227a, past one year. If the legislature chooses to amend § 14-215 (c) to extend the period of suspension of a license beyond one year, and until the defendant has complied with § 14-211, it may do so. Meanwhile, we are bound by the present language of § 14-215 (c). The defendant in this case was not charged with a violation of a statute regarding failure to show financial responsibility or of a statute relating to the administrative steps necessary to restore a license.

Although the defendant in this case was not guilty of operating a motor vehicle while his license was under suspension pursuant to General Statutes § 14-227a, and therefore is not subject to the heightened penalty provided by General Statutes § 14-215 (c), he is subject to the penalties provided under General Statutes § 14-215 (b)[2] since violation of § 14-215 (a) constitutes a lesser included offense of a violation of § 14-215 (c). A crime is a lesser included offense of another charged crime if it is not possible to commit the crime charged in the information or bill of particulars without first having committed a lesser crime, and if, upon the evidence, an accused can properly be found guilty of the lesser crime. *State* v. *Whistnant,* 179 Conn. 576, 584, 427 A.2d 414 (1980). In this case, the information or charging document was a form entitled "Misdemeanor/M.V. Summons and Complaint." The form

---

[2] General Statutes § 14-215 (b) provides: "Except as provided in subsection (c) of this section, any person who violates any provision of subsection (a) of this section shall be fined not less than one hundred fifty dollars nor more than two hundred dollars or imprisoned not more than ninety days or be both fined and imprisoned for the first offense, and for any subsequent offense shall be fined not less than two hundred dollars nor more than six hundred dollars or imprisoned not more than one year or be both fined and imprisoned."

states the date, time, and place of the violation. Under the heading "offenses" is written "op. m.v. under suspension" and under the heading "stat. or ord. no." is written "14-215 c." Since the information contains no pertinent material regarding the manner of the commission of the crime, we turn next to the language and meaning of the statute. Subsection (a) of § 14-215 provides that no one whose license has been suspended or revoked may operate a motor vehicle in Connecticut. Subsection (b) provides penalties for violations of subsection (a). Subsection (c) provides that if a person whose license was suspended pursuant to § 14-227a operates a motor vehicle, that person will be subject to certain penalties, which are more severe than those provided under subsection (b). The elements of the crime of operating a motor vehicle while under suspension under § 14-215 (a) are the operation of a motor vehicle—while one's operator's license is under suspension. The elements of the crime of operating while under suspension under § 14-215 (c) in this case are operating a motor vehicle—while one's operator's license is under suspension on account of a violation of subsection (a) of § 14-227a. This analysis clearly shows that, in order to commit the crime of operating a motor vehicle while under a § 14-227a suspension, the defendant must commit the lesser included offense of operating a motor vehicle while under suspension.

Since the defendant pleaded nolo contendere to the charge of violating § 14-215 (c), he could have been convicted of the lesser crime of violating § 14-215 (a), and subjected to the less severe penalties provided for by § 14-215 (b).

"It is axiomatic that this court is vested with the authority to remand a case for resentencing. See, e.g., *State* v. *Hanson,* 210 Conn. 519, 556 A.2d 1007 (1989); *State* v. *Carpenter,* 19 Conn. App. 48, 562 A.2d 35, cert.

denied, 213 Conn. 804, 567 A.2d 834 (1989). In doing so, however, it is not this court's function to prescribe the new sentence. *Miller* v. *Commissioner of Correction,* 29 Conn. App. 773, 780, 617 A.2d 933 (1992); *State* v. *Schaeffer,* 5 Conn. App. 378, 390, 498 A.2d 134 (1985). The appropriate disposition is a remand to the trial court with direction to resentence the defendant." *State* v. *Dennis,* 30 Conn. App. 416, 426, 621 A.2d 292, cert. denied, 226 Conn. 901, 625 A.2d 1376 (1993).

The judgment is reversed and the case is remanded with direction to render judgment of guilty of violating General Statutes § 14-215 (a) and to resentence the defendant in accordance with General Statutes § 14-215 (b).

In this opinion the other judges concurred.