STATE OF CONNECTICUT *v.* ARTHUR E. JACOBSON
(14837)

CALLAHAN, BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued May 12—decision released June 28, 1994

---

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Donna Mambrino,* assistant state's attorney, for the appellant (state).

*Jon L. Schoenhorn,* for the appellee (defendant).

PER CURIAM. The defendant, Arthur E. Jacobson, was arrested on September 22, 1991, for operating a motor vehicle while his operator's license was under suspension in violation of General Statutes § 14-215 (c).[1] After a plea of nolo contendere, he was convicted of that charge and sentenced by the trial court to a mandatory minimum term of imprisonment of thirty days and fined $500. Thereafter, he appealed to the Appellate Court pursuant to General Statutes § 54-94a.[2]

---

[1] General Statutes § 14-215 provides in pertinent part: "OPERATION WHILE REGISTRATION OR LICENSE IS REFUSED, SUSPENDED OR REVOKED. . . .

"(c) Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a or section 53a-56b or 53a-60d . . . shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner."

[2] General Statutes § 54-94a provides in pertinent part: "CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. . . ."

The Appellate Court concluded that the trial court had improperly convicted and sentenced the defendant for a violation of § 14-215 (c). *State* v. *Jacobson,* 31 Conn. App. 797, 804, 627 A.2d 474 (1993). It determined, however, that the defendant had committed the lesser included offense of violating § 14-215 (a) and that he was subject to the penalties provided by § 14-215 (b),[3] which are less severe than those provided by § 14-215 (c). It, therefore, remanded the case to the trial court for sentencing pursuant to § 14-215 (b). Id., 806.

We granted certification[4] to consider the issue of whether a defendant, whose motor vehicle operator's license had been suspended originally because of a violation of General Statutes § 14-227a (a)[5] was subject

[3] General Statutes § 14-215 (a) and (b) provides: "(a) No person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. No person shall operate or cause to be operated any motor vehicle, the registration of which has been refused, suspended or revoked, or any motor vehicle, the right to operate which has been suspended or revoked.

"(b) Except as provided in subsection (c) of this section, any person who violates any provision of subsection (a) of this section shall be fined not less than one hundred fifty dollars nor more than two hundred dollars or imprisoned not more than ninety days or be both fined and imprisoned for the first offense, and for any subsequent offense shall be fined not less than two hundred dollars nor more than six hundred dollars or imprisoned not more than one year or be both fined and imprisoned."

[4] The issue as certified was inartfully worded. See *State* v. *Jacobson,* 227 Conn. 914, 632 A.2d 692 (1993).

[5] General Statutes § 14-227a provides in pertinent part: "OPERATION WHILE UNDER THE INFLUENCE OF LIQUOR OR DRUG OR WHILE IMPAIRED BY LIQUOR. (a) OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accord-

to the enhanced penalties of § 14-215 (c) when the period of suspension for violation of § 14-227a (a) mandated by § 14-227a (h) (1) (C)[6] had expired, but his operator's license had not been restored because of his failure to furnish the commissioner of motor vehicles with proof of financial responsibility pursuant to § 14-112.[7]

The Appellate Court, after construing the relevant statutes, concluded that, although the defendant's operator's license was under suspension when he was arrested on September 22, 1991, it was not under suspension because of his March 28, 1989 conviction of operating under the influence in violation of § 14-227a

---

ance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[6] General Statutes § 14-227a (h) (1) (C) provides: "(h) PENALTIES FOR OPERATION WHILE UNDER THE INFLUENCE. Any person who violates any provision of subsection (a) of this section shall: (1) For conviction of a first violation . . . (C) have his motor vehicle operator's license or nonresident operating privilege suspended for one year."

[7] General Statutes § 14-112 provides in pertinent part: "PROOF OF FINANCIAL RESPONSIBILITY ON VIOLATION OF CERTAIN STATUTES. (a) WHEN COMMISSIONER SHALL REQUIRE. EXCEPTION. To entitle any person to receive or retain a motor vehicle operator's license or a certificate of registration of any motor vehicle when, in the opinion of the commissioner, such person has violated . . . subsection (a) of section 14-227a . . . the commissioner shall require from such person proof of financial responsibility to satisfy any claim for damages by reason of personal injury to, or the death of, any one person, of twenty thousand dollars, or by reason of personal injury to, or the death of, more than one person on account of any accident, of at least forty thousand dollars, and for damage to property of at least ten thousand dollars . . . . If any person fails to furnish such proof, the commissioner shall, until such proof is furnished, suspend or revoke the license of such person to operate a motor vehicle or refuse to return any license which has been suspended or revoked in accordance with the provisions of section 14-111 . . . . Prior to such suspension, revocation or withdrawal, notice thereof shall be given by the commissioner by a notice forwarded by bulk certified mail to the address of such person as shown by the records of the commissioner. . . ."

(a) for which it had been suspended initially. In arriving at its conclusion, the Appellate Court determined that the one year period of suspension mandated by § 14-227a (h) (1) (C) had expired by the time of the defendant's arrest for operating under suspension. *State* v. *Jacobson,* supra, 31 Conn. App. 799. The court further concluded that, because the period of suspension imposed for the defendant's violation of § 14-227a (a) had expired at the time of his arrest in 1991, he was not under suspension at that time "on account of a violation of subsection (a) of section 14-227a," an essential element for a prosecution pursuant to § 14-215 (c). Id., 804.

The Appellate Court decided, however, that the defendant's operator's license was under suspension at the time of his arrest because he had failed to furnish the commissioner with proof of financial responsibility as required by § 14-112 when his suspension, because of a violation of § 14-227a, had terminated. The defendant, the court determined, was therefore in violation of § 14-215 (a) and, consequently, subject to the penalties of § 14-215 (b). Id.

After considering the briefs and arguments of the parties and examining the record on appeal, we conclude that the judgment of the Appellate Court is correct and must be affirmed. The issue on which we granted certification was properly resolved in the Appellate Court's thoughtful and thorough unanimous opinion. It would serve no useful purpose for this court to repeat the discussion contained therein. Cf. *Board of Education* v. *State Board of Education,* 228 Conn. 433, 436, 636 A.2d 378 (1994); *Stankiewicz* v. *Zoning Board of Appeals,* 211 Conn. 76, 78, 556 A.2d 1024 (1989); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment of the Appellate Court is affirmed.