## STATE OF CONNECTICUT *v.* OTIS PIERCE COOK
### (12060)

HEIMAN, SCHALLER and CRETELLA, Js.

Argued December 1, 1994—decision released February 7, 1995

*Susan C. Freedman,* special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Edward Wilson* and *Donna S. Mambrino,* assistant state's attorneys, for the appellee (state).

HEIMAN, J. The defendant appeals from a judgment of conviction, following a conditional plea of nolo contendere,[1] of one count of operating a motor vehicle while his nonresident operator's privileges were under suspension in violation of General Statutes § 14-215.[2] On appeal, the defendant claims that the trial court improperly determined that he was subject to the enhanced penalties of General Statutes § 14-215 (c).

The following facts are relevant to this appeal. The defendant holds a valid Vermont driver's license. On April 11, 1991, the defendant's Connecticut nonresident operator's privileges were suspended for six months based on his refusal to take a blood alcohol test pursuant to General Statutes § 14-227b.[3] The defend-

---

[1] General Statutes § 54-94a provides in pertinent part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. . . ."

[2] General Statutes § 14-215 provides in pertinent part: "(a) No person . . . whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. . . .

"(b) Except as provided in subsection (c) of this section, any person who violates any provision of subsection (a) of this section shall be fined not less than one hundred fifty dollars nor more than two hundred dollars or imprisoned not more than ninety days or be both fined and imprisoned for the first offense . . . .

"(c) Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a or section 53a-56b or 53a-60d or pursuant to section 14-227b, shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner."

[3] General Statutes § 14-227b provides that any person operating a motor vehicle in Connecticut has impliedly consented to chemical analysis of his

ant became eligible to reinstate his Connecticut operating privileges on October 11, 1991, but failed to take the necessary administrative steps to restore those privileges.

On January 11, 1992, the defendant was stopped by Officer Peter Borysevicz of the Manchester police department on Spencer Street in Manchester when the defendant failed to signal when changing lanes. A motor vehicle department check disclosed that the defendant's operating privileges had been suspended. The defendant was thereafter charged by motor vehicle summons and complaint with failure to signal when changing lanes in violation of General Statutes § 14-242 and operating a motor vehicle while under suspension in violation of § 14-215 (c).

The defendant moved to dismiss the charge of operating a motor vehicle while his license was under suspension, claiming that he was not subject to the enhanced penalties of General Statutes § 14-215 (c) because the statutory period of suspension for refusing to take a blood alcohol test had expired. The motion was denied, and the trial court then accepted the defendant's plea of nolo contendere on that count. A nolle was noted on the charge of failure to signal. The defendant received the minimum statutory sentence of thirty days imprisonment and fined $500 pursuant to § 14-215 (c). The defendant's sentence was stayed pending the outcome of this appeal.

I

The defendant claims that the trial court improperly determined that he was subject to the enhanced penalties of General Statutes § 14-215 (c).[4] In support of his

blood, breath, or urine. The refusal to submit to such a test subjects an operator to revocation of his license or nonresident operating privileges for a period of six months. General Statutes § 14-227b (h) (1) (B).

[4] The state has conceded in its appellate brief that the defendant was incorrectly charged with the enhanced penalty portion of General Statutes

claim, the defendant argues that once the six month suspension period of § 14-227b had ended, his operating privileges were no longer suspended "on account of" his refusal to submit to a blood alcohol test. We agree.

Section 14-215 prohibits any person from operating a motor vehicle in Connecticut if that person's license or operating privileges have been suspended, revoked, or refused for any reason. The penalties for violating the statute are set forth in subsection (b). Subsection (c), however, imposes more severe penalties on those drivers who operate motor vehicles while their licenses or operating privileges have been suspended on account of violations of one of Connecticut's operating while intoxicated statutes, General Statutes §§ 14-227a, 14-227b, 53a-56b, and 53a-60d.

We have recently considered the issue of when a driver's license or operating privileges are suspended "on account of a violation" of one of our laws against driving while intoxicated for the purposes of the imposition of the enhanced penalty provisions of subsection (c) of § 14-215. *State* v. *Jacobson*, 31 Conn. App. 797, 627 A.2d 797 (1993), aff'd, 229 Conn. 824, 644 A.2d 331 (1994). In *Jacobson*, the defendant's license was suspended for one year after he was convicted of operating a motor vehicle while under the influence of alcohol in violation of § 14-227a.[5] Id., 799. At the expiration of the one year period, the defendant became eligible to reinstate his license by presenting proof of financial responsibility to the commissioner of motor vehicles pursuant to General Statutes § 14-112.[6] Although

§ 14-215 (c) in light of our decision in *State* v. *Jacobson*, 31 Conn. App. 797, 627 A.2d 797 (1993), aff'd, 229 Conn. 824, 644 A.2d 331 (1994).

[5] During this one year period, the defendant's license was concurrently suspended for six months for refusing to submit to alcohol testing pursuant to General Statutes § 14-227b. *State* v. *Jacobson*, supra, 31 Conn. App. 799.

[6] General Statutes § 14-112 requires proof of financial responsibility for those who have committed serious motor vehicle offenses such as reckless

more than one year had passed since his suspension, the defendant failed to take the necessary administrative steps to restore his license. He was arrested and charged with operating a motor vehicle while his license was suspended in violation of General Statutes § 14-215 (c). Id.

In analyzing the issue of whether the defendant's license remained under suspension on account of his violation of § 14-227a even after the statutory suspension period had expired, we determined that the penalties imposed in subsection (c) of General Statutes § 14-215 are penal in nature and must, therefore, be strictly construed in favor of the accused. *State* v. *Jacobson*, supra, 31 Conn. App. 802. We reviewed the language of § 14-227a and determined that the suspension provision provided therein was limited to the one year period enumerated. Id., 802–803; see General Statutes § 14-227a (h) (1) (C). The statute does not require the suspension to continue in effect after the statutory period has expired until the violator has taken the necessary administrative steps to restore his privileges. *State* v. *Jacobson,* supra, 803.

Similarly, § 14-227b is unambiguous in its provision that the refusal to submit to a blood alcohol test subjects a driver to the suspension of his license or operating privileges for a period of six months. It does not require that the suspension continue beyond that six month period until such time that the driver's privileges are formally restored. Therefore, upon completion of the six month period, a driver's license or

driving in violation of General Statutes § 14-222, evasion of responsibility in the operation of a motor vehicle in violation of General Statutes § 14-224, operating a motor vehicle while intoxicated in violation of § 14-227a (a), and for those who have been found criminally responsible for the death of any person in connection with a motor vehicle accident. The plain language of the statute does not require proof of financial responsibility to restore the operating privileges of one whose license has been suspended due to a violation of § 14-227b.

operating privileges are no longer suspended on account of a violation of § 14-227b and the driver may not be subjected to the enhanced penalties of § 14-215 (c). *State* v. *Jacobson,* supra, 31 Conn. App. 803–804.

Because the six month suspension of the defendant's operating privileges had expired, the defendant could not be found guilty of operating a motor vehicle while his privileges were under suspension on account of his refusal to submit to a blood alcohol test and he could not be subjected to the enhanced penalties of § 14-215 (c).

## II

Although we reverse the defendant's conviction under § 14-215 (c), the state urges us to follow the result we reached in *State* v. *Jacobson,* supra, 31 Conn. App. 806, and hold that the defendant has violated the lesser included offense of subsection (a) of § 14-215 and is, therefore, subject to the penalties enumerated in subsection (b). The defendant claims his case can be distinguished from *Jacobson* in that he holds a valid Vermont driver's license, which entitles him to operate a motor vehicle in Connecticut. We disagree with the defendant and remand the case for resentencing.

In order to establish a violation of § 14-215 (a), the state must prove two elements: (1) that the defendant was operating a motor vehicle; and (2) that the defendant's license or operating privileges were under suspension at the time. *State* v. *Jacobson,* supra, 31 Conn. App. 805. In this way, the elements of subsection (a) constitute a lesser included offense of subsection (c). Id. The only additional element required to prove a violation of subsection (c) is the requirement that the suspension at issue be "on account of" a violation of one of our statutes prohibiting the operation of motor vehicles by intoxicated operators. Id. "Since the defend-

ant pleaded nolo contendere to the charge of violating § 14-215 (c), he could have been convicted of the lesser crime of violating § 14-215 (a), and subjected to the less severe penalties provided for by § 14-215 (b)." Id.

It is undisputed that the defendant was operating a motor vehicle at the time of his arrest. The defendant argues, however, that his operating privileges were no longer under suspension once the six month suspension period imposed by § 14-227b had expired. He attempts to distinguish his case from that of *Jacobson* in that he has a valid Vermont driver's license that entitles him to operate a motor vehicle in Connecticut, whereas the *Jacobson* defendant held no valid license at the time of his arrest. He therefore contends that his operating privileges were automatically reinstated, without any action on his part, once the six month suspension period had ceased.

We do not disagree with the defendant's assertion that any person who holds a valid driver's license issued by another state is entitled to a reciprocal privilege to operate a motor vehicle in Connecticut.[7] The defendant's argument fails, however, to acknowledge the fact that the commissioner of motor vehicles may revoke or suspend those privileges if they are abused and may require the payment of a fee to have those privileges reinstated. General Statutes § 14-50b.[8]

---

[7] General Statutes § 14-39 provides in pertinent part: "(a) Any nonresident sixteen years of age or older who is licensed to operate a motor vehicle in the state or country of which he is a resident may . . . operate any registered motor vehicle on the highways of this state for the same period allowed by the state or country of his residence to residents of this state without complying with the provisions of this chapter requiring the licensing of operators . . . ."

[8] General Statutes § 14-50b provides in pertinent part: "(a) Any person whose operator's license *or right to operate a motor vehicle in this state* has been suspended or revoked by the commissioner of motor vehicles . . . shall pay a restoration fee of one hundred dollars to said commissioner prior to the issuance to such person of a new operator's license or the restoration of such operator's license or such privilege to operate a motor vehicle . . . ." (Emphasis added.)

In *State* v. *Jacobson*, supra, 31 Conn. App. 806, the defendant's case was remanded with direction to sentence the defendant for a violation of General Statutes § 14-215 (a) because the defendant had not shown the requisite proof of financial responsibility to restore his license pursuant to § 14-112. Similarly, the defendant here has failed to take the required administrative steps to reinstate his Connecticut operating privileges. Specifically, he has failed to pay a restoration fee of $100 in accordance with § 14-50b.

The defendant's attempt to read into § 14-50b an exemption for nonresidents who hold valid driver's licenses from other states is unpersuasive. No such exemption is enumerated in the plain language of the statute. "We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words. . . ." (Citations omitted; internal quotation marks omitted.) *October Twenty-Four, Inc.* v. *Planning & Zoning Commission*, 35 Conn. App. 599, 603, 646 A.2d 926 (1994), quoting *Ghent* v. *Planning Commission*, 219 Conn. 511, 515, 594 A.2d 5 (1991). Section 14-50b expressly applies to both those whose licenses have been suspended as well as those whose rights to operate motor vehicles in this state have been suspended.

The defendant was therefore subject to § 14-50b and his failure to restore his operator's privileges by paying the required fee necessitates a finding that his privileges to operate a motor vehicle in Connecticut remained under suspension until such time as that fee was paid. It is undisputed that the defendant had not paid this fee at the time of his arrest; he has, thus, violated § 14-215 (a) and is subject to the penalties enumerated in subsection (b).

" 'It is axiomatic that this court is vested with the authority to remand a case for resentencing. See, e.g.,

*State* v. *Hanson*, 210 Conn. 519, 556 A.2d 1007 (1989); *State* v. *Carpenter*, 19 Conn. App. 48, 562 A.2d 35, cert. denied, 213 Conn. 804, 567 A.2d 834 (1989). In doing so, however, it is not this court's function to prescribe the new sentence. *Miller* v. *Commissioner of Correction*, 29 Conn. App. 773, 780, 617 A.2d 933 (1992); *State* v. *Schaeffer*, 5 Conn. App. 378, 390, 498 A.2d 134 (1985). The appropriate disposition is a remand to the trial court with direction to resentence the defendant.' *State* v. *Dennis*, 30 Conn. App. 416, 426, 621 A.2d 292, cert. denied, 226 Conn. 901, 625 A.2d 1376 (1993)." *State* v. *Jacobson*, supra, 31 Conn. App. 805–806.

The judgment is reversed and the case is remanded with direction to render a judgment of guilty of violating General Statutes § 14-215 (a) and to resentence the defendant in accordance with General Statutes § 14-215 (b).

In this opinion the other judges concurred.