[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 29, 1998, the defendant entered a plea of guilty to driving under the influence of alcohol, in violation of § 14-227a, Connecticut General Statutes. At the time of the guilty plea he was represented by counsel. He was subsequently arrested on a charge of driving while his license was under suspension in violation of §14-215 (c), Connecticut General Statutes. A conviction of this offense carries a mandatory-minimum 30 day jail sentence as well as other consequences. He now seeks to vacate his plea of guilty to §14-227 (a) entered on July 29, 1998. In the absence of statute the Rules of Court as set forth in the Connecticut Practice Book govern. CT Page 5201 The Rules of Court applicable to this case require that before a guilty plea is accepted the court shall personally address the defendant and determine that the defendant freely understands the nature of the charge, the mandatory minimum sentence, if any, the maximum possible sentence on the charges, his right to continue to plead not guilty and the right to a trial by a jury or judge, to the assistance of counsel at trial, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, § 39-19. In addition, Connecticut Practice Book § 39-20 requires that the judicial authority shall not accept a guilty plea without first determining by addressing the defendant personally in open court that the plea of guilty is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting authority and the defendant or his counsel. § 39-21 mandates that a plea of guilty not be accepted unless there is a factual basis for the plea. In the present case an examination of the transcript of proceedings dated July 29, 1998 indicates the States Attorney set forth the facts by stating that defendant operated on a public highway, and had two readings, 223 and 220. He also said there was an agreement as to sentence and set forth the agreement. Since the defendant was represented by counsel a more detailed summary would ordinarily not be required and this brief summary is not unusual in the day to day operation of a fast paced geographical area court. The defendant said he had enough time to discuss the matter with his attorney and that he was satisfied with his representation. The court then asked the defendant if he understood his rights as he had just explained them to him. The court can only assume that he was referring to the rights that are explained to all defendants at the commencement of court. In any event, the court went on to explain that he was giving up certain rights by pleading guilty including the right not to incriminate himself, the right to a jury trial and the right to face, confront and cross-examine witnesses against him. While the court had not specifically told the defendant that he had a right to trial before a judge, this is implied when the court told the defendant that this is one of the cases in which he could get a jury trial. The implication of this is that he also could get a trial before a judge although this was not clearly communicated. It is assumed that since defendant had competent representation that this was explained to him. If defendant was appearing pro se he would have been entitled to a further and more detailed explanation. The defendant further said he discussed with his attorney the charge — elements and possible punishment. The defendant was also advised that the conviction would cause his license to be suspended for one year. The defendant also CT Page 5202 acknowledged talking to his attorney and listening to the court and that he still wanted to plead guilty to the sentences worked out for him. The defendant was given an opportunity to say more but declined. The canvass gives all the indicia of voluntariness. When considering what the Rules of court require in the Connecticut Practice Book, the court failed to give the detailed and explicit inquiry set forth therein. The canvass was substantially more than superficial or perfunctory. However, the same Rules, § 39-27 allow withdrawal of a guilty plea if it was accepted without substantial compliance with §39-19. Thus, the defendant has no burden if there has been no substantial compliance with § 39-19 and he can rely on the transcript when the guilty plea was entered. If he relies on any of the other grounds set-forth in § 39-27 the defendant then has the burden of persuading the court that he should be allowed to withdraw his guilty plea.
The court is aware that many motions to vacate guilty pleas constantly come before the court seeking to vacate pleas of guilty based on a claim that the Connecticut Practice Book rules relating to canvassing of pleas are not rigorously adhered to. § 39-27 (1) allows for withdrawal of the plea of guilty if the plea was accepted without substantial compliance with § 39-19. This is frequently done when a violation of probation hearing is ordered as a result of some new criminal offense or mandatory jail sentences are required for those convicted of operating a motor vehicle while under suspension for an underlying driving under the influence charge or for offenses involving the implied consent laws.
The Court has also considered § 39-26, Connecticut Practice Book2000, that makes clear that a defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed. In the present use the sentence was imposed on July 29, 1998, more then eighteen months ago. The defendant did not make his motion to vacate his guilty plea until January 26, 2000. The court is well aware of the line of authority that allows for withdrawal of guilty pleas based on decisions in State v. Schaeffer,5 Conn. App. 378, 385, 498 A.2d 134 (1985) and State v. De Jesus, § CR95-0153067 (New Britain Superior Ct.). In Schaeffer the defendant was sentenced to a term in excess of the plea agreement and defendant had not been advised by the Court that his plea of nolo contendere could not be withdrawn if he was sentenced to a term greater than agreed upon. His attorney had previously advised the defendant that the court could not exceed the agreed upon recommendation. InSchaeffer the motion to vacate was filed within two days of the defendant's unanticipated sentence. The trial court in Schaeffer did not advise the defendant until the time of sentencing that it would not follow the plea agreement before it imposed a greater sentence. CT Page 5203 Chief Judge Dupont in her opinion recognized that the plea canvass was defective and that "a plea which is invalid ab initio because of a deprivation of due process does not become any more valid after sentence is imposed and the sentencing proceeding has concluded." Judge Dupont subsequently addressed a similar claim in State v.Garvin, 43 Conn. App. 142, wherein the defendant during the canvass was told that he could withdraw his plea if the sentence was greater than the sentence bargained for but he received a greater sentence because subsequent to the change of plea he failed to appear. He was told at the canvass that if he failed to appear that a greater sentence could be imposed. The trial court at the sentencing rejected the plea agreement unlike the court in Schaeffer. Nor did defendant seek to vacate his plea prior to the conclusion of sentencing. Judge Dupont in Garvin wrote that then Practice Book § 720 similar to §39-26 precluded defendant from withdrawing his plea after the conclusion of sentencing and that this ordinarily precludes review of claimed infirmities in the acceptance of a plea.
In Garvin the defendant sought review under State v. Golding,213 Conn. 233, 567 A.2d 823 (1989) but review was rejected because the court found no constitutional violation existed. In De Jesus,
supra, a motion to vacate was granted because there was no canvass whatsoever at the time a guilty plea to assault in the third degree was entered. The court found that defendant's constitutional rights were infringed or that he was denied due process. The court further held that fundamental requirements of due process out weigh the state's interest in finality.
Defendant in the present case asserts that due process was violated and relies on an imperfect canvass that did not rigorously adhere to rules in the Connecticut Practice Book. The failure to give a more detailed and explicit canvass did not violate defendant's right to due process or fundamental constitutional rights. Defendant's reliance on State v. Childree, 189 Conn. 114, 454 A.2d 1274 (1983) is misplaced. Childree was decided long before State v. Golding,213 Conn. 233, 567 A.2d 823 (1989) and State v. Domian, 235 Conn. 679
(1996). The court in Childree, noted that the proper procedure for raising a claim that a guilty plea was not knowingly and voluntarily made is to make it in the trial court. The court nonetheless heard it for the first time on appeal because of the claimed violation of a constitutional right. The court held that it is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable. However, just because the court has failed to follow the explicit rules of the Connecticut Practice Book does not mean that there is an automatic violation of due process. CT Page 5204
State v. Domian, 235 Conn. 679 (1996) is dispositive of the issue. In Domian the defendant did not move to withdraw his guilty pleas prior to sentencing electing instead to raise the issue of the defective plea canvass for the first time on appeal. The court found that neither Golding or plain error under then § 4185, Practice Book applied. The court held that the court's failure to inform the defendant of a statutorily required minimum sentence did not render the guilty plea unknowing or involuntary. Failing to articulate a more detailed canvass no manifest injustice has occurred. Unless there is a clear violation of defendant's due process or his constitutional rights the plea of guilty cannot be vacated. The defendant has failed to establish such a violation.
The motion to vacate the plea of guilty is denied.
 ___________________ Owens, J.